UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAURA D. STIGGINS,

                    Plaintiff,                    03-CV-6226T

v.                                                DECISION
                                                  and ORDER
GARY SULLIVAN, PETER CARR, MICHAEL
McCARTNEY, JOHN TUNNEY, GERRY SOLOMAN,
FRANKLIN BASSETT,

                    Defendants.
_____


## INTRODUCTION

     Plaintiff Laura Stiggins, proceeding pro se, brings this civil
rights action pursuant to 42 U.S.C. § 1983 claiming that her rights
were violated by the defendants in connection with a criminal
prosecution against her in Steuben County.  Specifically, plaintiff
alleges that defendants engaged in malicious prosecution against
her with respect to a State court criminal proceeding in which she
was charged with workers' compensation fraud.  According to the
Amended Complaint, plaintiff was acquitted of the charges following
trial.

     On October 9, 2003, defendant Franklin Bassett, ("Bassett"),
moved to dismiss the original Complaint on grounds that he was
entitled to absolute immunity.  By Order dated April 12, 2004, I
denied defendant's motion to dismiss on grounds that although
Bassett is entitled to absolute immunity for claims made against
him based on his trial testimony, under the liberal pleading rules

afforded pro se litigants, the Court could not hold that as a matter of law plaintiff had failed to allege any cause of action against Bassett. Specifically, I held that plaintiff's Complaint could be construed as stating a claim against Bassett for engaging in a conspiracy to violate her civil rights. I also noted that upon completion of relevant discovery, Bassett could move for summary judgment should the uncontroverted facts warrant such a motion.

Defendant Bassett has now moved for summary judgment against the plaintiff on grounds that there is no evidence in the record to support a conspiracy claim against him, and that as a matter of law, he is entitled to summary judgment in his favor. Defendants Gary Sullivan, Peter Carr, and Jerry Soloman (incorrectly identified as "Gerry Soloman" in the Amended Complaint) also move for summary judgment on grounds that they are entitled to qualified immunity from suit, and that plaintiff has failed to state a cause of action. Plaintiff opposes defendants' motions.

For the reasons set forth below, I grant defendants' motions to dismiss, and dismiss the Complaint.


BACKGROUND

According to the Complaint, plaintiff Laura Stiggins is a former Town Justice in Dansville, New York. She claims that in December 1999, she was unjustly indicted for insurance fraud, grand

larceny, and offering for filing a false instrument.  She contends that defendant Gary Sullivan ("Sullivan") an investigator with the New York State Insurance Fund who investigated plaintiff's alleged fraudulent activity, misrepresented the findings of his investigation and lied to the court and prosecuting authorities in an attempt to obtain an indictment against her.  Plaintiff also claims that defendant Jerry Soloman ("Soloman"), the Regional Director of the Medicaid Fraud Unit of the New York State Attorney General's Office, also participated in the malicious prosecution.

Plaintiff's criminal case was tried in Steuben County Court by Judge Peter C. Bradstreet.  The State was represented by defendant John Tunney ("Tunney").  Plaintiff claims that Tunney prosecuted Stiggins despite knowing that the charges against her were false.

Finally, plaintiff alleges that at her trial, defendant Bassett testified falsely against her, revealed confidential information related to plaintiff's personnel records, and materially participated in the prosecution against her.  She claims that he falsely testified against her in retaliation for a wrongful discharge claim that she had previously filed against Bassett's employer.

<u>DISCUSSION</u>

I.  <u>Defendants' Motion for Summary Judgment</u>

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions

on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  When considering a motion for summary judgment, all inferences and ambiguities must be resolved in favor of the party against whom summary judgment is sought.  R.B. Ventures, Ltd. v. Shane, 112 F.3d 54 (2nd Cir. 1997). If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate.  Annis v. County of Westchester, 136 F.3d 239, 247 (2nd Cir. 1998).

II.  Malicious Prosecution

A.  Probable Cause

To state a claim for malicious prosecution under New York law, a plaintiff must prove "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions."  Russell v. Smith, 68 F.3d 33, 35 (2nd Cir. 1995); Rizzo v. Edison Inc., No. 02-CV-6322 (W.D.N.Y. March 10, 2005)(Telesca, J.); aff'd. 2006 WL 759757 (2nd Cir. March 24 2006).  There is no dispute in this case that criminal proceedings were initiated against Stiggins, and that those proceedings terminated in Stiggins' favor.  Thus, the only issues of contention remaining are (1) whether or not defendants had probable cause to

arrest or prosecute the plaintiff, and (2) whether or not the defendants' actions were motivated by malice.

Probable cause to prosecute exists where there are "facts and circumstances [that] would lead a reasonably prudent person in like circumstances to believe [that the criminal defendant is] guilty." Colon v. City of New York, 60 N.Y.2d 78, 82 (1983)(citations omitted). The issue of whether or not a party lacks probable cause to arrest or prosecute is measured by an objective standard, and where there are no material issues of fact in dispute, the issue may properly be disposed of on motion for summary judgment. Parkin v. Cornell University, Inc., 78 N.Y.2d 523, 529 (1991). In cases where a defendant is prosecuted pursuant to an indictment issued by a Grand Jury, there is a rebuttable presumption that probable cause to prosecute the defendant exists. Savino v. City of New York, 331 F.3d 63, 72 (2nd Cir. 2003); White v. Frank, 855 F.2d 956, 961 (2nd Cir. 1988).

In the instant case, because Stiggins was indicted by a Grand Jury, there is a presumption that probable cause for her arrest and prosecution existed. The presumption, however, may be overcome "by evidence establishing that the police witnesses have not made a complete and full statement of facts either to the Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence or otherwise acted in bad faith." Colon, 60 N.Y.2d at 82-83 (citations omitted). In short, a plaintiff attempting to overcome the presumption of

probable cause that arises from a Grand Jury indictment must establish that the indictment "was produced by fraud, perjury, the suppression of evidence or other police misconduct undertaken in bad faith." Id. at 83.

In the instant case, plaintiff has produced no evidence that the Indictment was produced as a result of fraud, perjury, suppression of evidence or police misconduct undertaken in bad faith. Moreover, the record reveals that Judge Bradstreet reviewed the Grand Jury minutes in connection with pre-trial proceedings in Stiggins' criminal case, and found the Indictment to be valid. Because plaintiff has provided no evidence to overcome the presumption of probable cause created by the Indictment, I find that plaintiff has failed to state a cause of action for malicious prosecution. Because plaintiff has failed to state a claim for malicious prosecution, I find that she has also failed to state a claim for conspiracy to violate her civil rights by subjecting her to a malicious prosecution.

B.   Malice

Even assuming plaintiff could raise an issue of fact regarding probable cause, plaintiff has failed to allege or establish any evidence from which it could be inferred that the defendants acted with malice towards her. I thus find that plaintiff has failed to establish the fourth element of a prima facie case of malicious prosecution, and grant defendants' motion for summary judgment on plaintiff's malicious prosecution claim.

CONCLUSION

For the reasons set forth above, defendants' motions for summary judgment are granted, and plaintiff's Amended Complaint against those defendants is dismissed with prejudice. Because resolution of the issues herein resolves the claims against the non-moving defendants, I dismiss plaintiff's Amended Complaint as to those defendants as well. Accordingly, this case is dismissed in its entirety with prejudice.


ALL OF THE ABOVE IS SO ORDERED

S/ Michael A. Telesca
_____
MICHAEL A. TELESCA
United States District Judge

DATE:     March 31, 2006
          Rochester, New York