```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAURA D. STIGGINS,

                Plaintiff,              03-CV-6226T

v.                                      DECISION
                                        and ORDER
GARY SULLIVAN, PETER CARR, MICHAEL
McCARTNEY, JOHN TUNNEY, GERRY SOLOMAN,
FRANKLIN BASSETT,

                Defendants.
_____
```

Plaintiff Laura Stiggins, ("Stiggins") proceeding pro se, objects to and seeks reconsideration of this Court's March 31, 2006, Decision and Order granting defendants' motion for summary judgment. Stiggins alleged in her Complaint that she had been subjected to malicious prosecution in violation of her civil rights, and claims that the court erred in finding that there was probable cause to initiate the criminal prosecution about which she complains.

A motion for reconsideration may be granted if the court has "overlooked matters . . . which, had they been considered, might reasonably have altered the result reached by the court." Consolidated Gold Fields, PLC v. Anglo American Corp. of South Africa, Ltd., 713 F.Supp. 1457, 1476 (S.D.N.Y. 1989). Such motions, however, may not be used to relitigate matters already considered by the court, and may not be used to introduce new evidence that could have been brought to the court's attention

during the original proceedings.  <u>Films by Jove, Inc. v. Berov</u>, 250 F.Supp.2d 156,175 (E.D.N.Y., 2003).

In support of her motion for reconsideration, plaintiff alleges that the defendants withheld documents from the Grand Jury, and therefore the indictment issued by the Grand Jury had been procured by means of fraud or suppression of evidence.  Plaintiff argues that her claim is supported by the documentary evidence introduced at her criminal trial, which she contends proves that the prosecution had documents in its possession, and that the prosecution fraudulently suppressed those documents when proceeding before the Grand Jury.

Plaintiff's allegations are not a proper basis for granting a motion for reconsideration.  Her allegations that the defendants withheld information from the Grand Jury could have been raised in opposition to the original motion for summary judgment, and therefore, those claims may not be considered in deciding the instant motion.  Moreover, plaintiff's allegations are conclusory.  The fact that certain records were introduced at trial does not prove that those or other records were fraudulently withheld from the Grand Jury.  Because plaintiff has failed to raise controlling precedent or material facts that the court overlooked, her motion for reconsideration must be denied. <u>Shrader v. CSX Transportation Systems</u>, 70 F.3d 255, 257 (2nd Cir. 1995)(a motion for reconsideration "will generally be denied unless the moving party

can point to controlling decisions or data that the court overlooked . . . .") Accordingly, for the reasons set forth above, plaintiff's motion for reconsideration is denied.

ALL OF THE ABOVE IS SO ORDERED

S/ Michael A. Telesca
_____
    MICHAEL A. TELESCA
United States District Judge

DATE:   May 19, 2006
        Rochester, New York